REQUESTED BY: Honorable Peter Hoagland Member of the Legislature 1101 State Capitol Lincoln, NE 68509
Dear Senator Hoagland:
You have requested the opinion of this office concerning the constitutionality of LB213 which would alter the procedures governing commitment, review and release of persons acquitted of crimes solely due to insanity. You have specifically asked that we address the constitutionality of the: general approach taken by the bill, standard of commitment, and retrospective application. We conclude that the bill is constitutionally suspect in that it: provides only those rights associated with sentencings, allows for precommitment detention for up to 60 days, limits mandatory review of status to once each year, and does not require evidence of a recent overt act or threat demonstrating dangerousness to self or others. The proposed retrospective application is constitutionally permissible assuming that the foregoing defects are cured.
Nebraska law presently provides that an acquittal by reason of insanity precludes criminal liability. This approach is continued in LB213. The bill premises subsequent restrictions of liberty solely upon a determination that the defendant is dangerous to self or others by reason of mental illness or defect, or will be so dangerous in the reasonable future. (We do not express an opinion on whether incarceration could constitutionally be based solely upon the finding that the criminal act was committed regardless of insanity.)
The determination upon which LB213 premises liberty restrictions would not be made in a criminal trial. Thus, a separate hearing with the full panoply of due process rights is required. Additionally, the approach taken by the bill makes the class of persons it proposes to commit similar to the class of persons facing involuntary civil commitment. As such, these classes must be afforded substantially equal treatment. There must be a rational relationship between a legitimate state purpose and differences in treatment in order to satisfy constitutional equal protection. See, Powellv. Florida, 579 F.2d 324 (5th Cir. 1978); Boltonv. Harris, 395 F.2d 642 (D.C. Cir. 1968).
The constitutional rights of persons facing involuntary commitments were addressed in Doremus v. Farrell,407 F. Supp. 509 (D.Neb. 1975). It was held that they had the right to: notice of the preliminary hearing; notice of the grounds, reasons and necessity of emergency detention; notice of the time and location of hearings; notice of the standard of commitment; counsel, at state expense if indigent, and notice thereof; a probable cause hearing within five days of detention; a final hearing within 14 days of the preliminary hearing; be personally present at all hearings; confront and cross-examine adverse witnesses; compel attendance of witnesses during final hearing; present evidence on their own behalf; application of the rules of evidence, and; require that serious threat of substantial harm to self or others be evidenced by a recent overt act or threat.
The aforementioned rights, as well as the rights to discovery and mandatory review of status at any time, have been statutorily enacted in the Nebraska Mental Health Commitment Act, Neb.Rev.Stat. § 83-1001, et seq. (Reissue 1976) (NMHCA). Questions of procedural and substantive due process aside, the existence of the NMHCA requires an equal protection comparison with LB213.
The bill does not pass this comparison. Section 6 of LB213 provides only those rights associated with sentencing proceedings. This would not include the right to: confront and cross-examine adverse witnesses, present evidence on one's own behalf, compel attendance of witnesses, discovery, and application of the rules of evidence. We believe that LB 213 is constitutionally suspect for its failure to provide these rights.
The bill is also suspect in that it does not require evidence of a recent overt act or threat demonstrating dangerousness to self or others. Although there are substantive due process questions concerning the lack of this requirement, (see Doremus, supra; Statmus v. Leonhardt,414 F. Supp. 439 (S.D.Ia. 1976); Lessard v. Schmit,349 F. Supp. 1078 (E.D.Wis. 1972), we dispose of the issue on equal protection grounds. We cannot discern a rational legitimate reason for this difference in treatment between persons facing commitment under LB213 and those facing commitment under the NMHCA.
It can be argued that persons subject to LB213 have committed the act for which they were criminally charged, and that this act can be substituted for the recent act requirement. However, that argument does not survive close analysis. The act may have been committed months or even years prior to the commitment proceedings. A fortiori, it may be too remote in time to be valid for commitment purposes. Additionally, the act may not adequately demonstrate dangerousness to self or others. Insanity acquittals are not limited to cases involving serious danger to self or others. The underlying act could be almost any crime, including relatively minor property offenses. Statutes under which commitment can be based solely on danger to property without regard to its significance or value have been held unconstitutional.Suzuki v. Yuen, 617 F.2d 173 (9th Cir. 1980). We therefore conclude that LB213 is constitutionally suspect for the lack of a requirement that dangerousness be evidenced by a recent overt act or threat. (We note that in those cases where the underlying criminal act is recent in time and demonstrates dangerousness, evidence thereof could be introduced into the commitment proceedings as satisfaction of the recent act requirement).
Section 3 of LB213 which allows commitment for up to 60 days for purposes of evaluation is constitutionally suspect on equal protection grounds. (Again, we do not address the substantive due process questions due to disposal on other grounds). The bill provides that after acquittal the `court shall forthwith conduct a hearing to determine whether and under what conditions of confinement the acquitted person should committed to one of the regional centers for a period not to exceed 60 days.' Standards by which this determination is to be made are not stated.
We are unable to assume a probable cause standard. Consequently, detention for a period beyond five days is constitutionally suspect on grounds of equal protection. Assuming that a probable cause standard were inserted, we believe that detention beyond an additional 14 days is likewise constitutionally suspect. Our belief is based on the fact that we cannot discern a legitimate rational reason justifying this substantial difference in treatment. In fact, logic dictates the opposite. Persons who have been acquitted due to insanity have uniformly undergone prior evaluations while subjects of NMHCA petitions have not. It is therefore difficult to justify detention under LB213 for a period of 60 days while persons facing commitment under the NMHCA are entitled to a final hearing within 14 days. We conclude that the 60 day precommitment detention period is constitutionally suspect.
Section 5 of LB213 requires mandatory review of status only once per year. We do not see a legitimate rational reason for granting persons committed under the NMHCA a mandatory status review at any time, while limiting such review to once a year for persons committed under LB213. We believe that this limitation is constitutionally suspect.
The retrospective application proposed by Section 7 of LB213 is constitutionally permissible assuming that the previously addressed constitutional problems are cured. The provisions to be retroactively applied cannot be considered ex post facto under current laws since they do not involve a criminal matter. The rights persons would lose under the otherwise constitutional provisions of LB213 have not vested so as to make their removal constitutionally impermissible. Our conclusions would substantially differ if the bill were passed without addressing the previously stated problems.
Sincerely, PAUL L. DOUGLAS Attorney General Martel J. Bundy Assistant Attorney General